IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> WILFREDO HERNÁNDEZ-MASSA, <br> Defendant. | CRIMINAL NO. 19-650 (DRD) |

## PLEA AGREEMENT

The United States of America, Defendant, Wilfredo Hernández-Massa, and Defendant's counsel, Diego H. Alcala-Laboy, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Counts One, Two, Three, and Five of the Indictment:



Count One:   That on or about September 17, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, Wilfredo Hernández-Massa, the defendant herein, did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of article and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully took property (cash and cigarettes) from J.C. Mini Market in the presence of an employee, against the employee's will by means of actual and threatened force, violence, and fear of injury, by threatening the employee with a firearm. All in violation of Title 18, United States Code, Section 1951.

Count Two:   That on or about September 17, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, Wilfredo Hernández-Massa, the defendant herein, did knowingly possess and brandish a firearm in furtherance of a crime of violence, as charged in Count One, for which he may be prosecuted in a court of the United States—that is, interfering with commerce by threats or violence, in  violation of Title 18, United States Code, Section 1951. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

However, for purposes of this plea agreement, Defendant would plead guilty to the lesser included offense in Count Two of 18 U.S.C. § 924(c)(1)(A)(i).

Count Three :   That on or about September 17, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, Wilfredo Hernández-Massa, the defendant herein, did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of article and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully took property (cash) from Super Colmado Los Hermanos in the presence of an employee, against the employee's will by means of actual and threatened force, violence, and fear of injury, by threatening the employee with a firearm. All in violation of Title 18, United States Code, Section 1951.

Count Five:   That on or about September 17, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, Wilfredo Hernández-Massa, the defendant herein, took from the person or presence of a victim a motor vehicle—that is, a gold, 2001 Hyundai Brio, PR Tag #EFK157, that had been transported, shipped, and received in interstate or foreign commerce—by force, violence, and intimidation, with the intent to cause death and serious bodily harm, in violation of Title 18, United States Code, Section 2119(1).

**2. Maximum Penalties**

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not more than twenty years pursuant to 18 U.S.C. § 1951; a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

<u>Count Two</u>: The maximum statutory penalty for the offense charged in Count Two of the Indictment, is a term of imprisonment of not less than seven years and up to life pursuant to 18 U.S.C. § 924(c)(1)(A)(ii); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

But the maximum statutory penalty for the lesser included offense to which Defendant is pleading in Count Two (violation of 18 U.S.C. § 924(c)(1)(A)(i)) is a term of imprisonment of not less than five years and up to life; a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

<u>Count Three</u>: The maximum statutory penalty for the offense charged in Count ~~One~~ Three of the Indictment, is a term of imprisonment of not more than twenty years pursuant to 18 U.S.C. § 1951; a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

<u>Count Five</u>: The maximum statutory penalty for the offense charged in Count Five of the Indictment, is a term of imprisonment of not more than fifteen years pursuant to 18 U.S.C. § 2119(1); a

fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court,

and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE: 18 U.S.C. § 1951 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | | | | | 20 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **17** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |

| SENTENCING GUIDELINES CALCULATIONS COUNT TWO: 18 U.S.C. § 924(c)(1)(A)(i) |
|---|
| The United States and Defendant submit that pursuant to United States Sentencing Guidelines § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924 (c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. |
| In the present case, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), there is a minimum term of imprisonment of sixty (60) months. |
| Said term is to be served consecutively to any other count of conviction. |

| SENTENCING GUIDELINES CALCULATIONS COUNT THREE: 18 U.S.C. § 1951 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | | | | | 20 |
| Specific Offense Characteristic U.S.S.G. § 2B3.1(b)(2)(C) (Firearm was brandished or possessed) | | | | | +5 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **22** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 41-51 | 46-57 | 51-63 | 63-78 | 77-96 | 84-105 |

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT FIVE: 18 U.S.C. § 2119 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | | | | | 20 |
| Specific Offense Characteristic U.S.S.G. § 2B3.1(b)(2)(C) (Firearm was brandished or possessed) | | | | | +5 |
| Specific Offense Characteristic U.S.S.G. § 2B3.1(b)(5) (Carjacking) | | | | | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **24** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 51-63 | 57-71 | 63-78 | 77-96 | 92-115 | 100-125 |

| DETERMINING COMBINED OFFENSE LEVEL (3D1.4) | | | | | |
|---|---|---|---|---|---|
| Count as one unit the group with highest offense level pursuant to U.S.S.G. § 3D1.4(a) (Count Five with TOL of 24) | | | | | 1 unit |
| Count as one unit each group that is 1-4 levels less serious than the group with the highest offense level pursuant to U.S.S.G. § 3D1.4(a) (Count Three with TOL of 22) | | | | | 1 unit |
| Count as one-half unit each group that is 5-8 levels less serious than the group with the highest offense level pursuant to U.S.S.G. § 3D1.4(b) (Count Three with TOL of 17) | | | | | ½ unit |
| Total number of units | | | | | 2.5 units |
| Increase in offense level pursuant to U.S.S.G. § 3D1.4 | | | | | 3 levels |
| **Combined offense level (added to group with highest offense level)** | | | | | **27** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 70-87 | 78-97 | 87-108 | 100-125 | 120-150 | 130-162 |

*[handwritten margin notation: DdL w/HM]*

**8. Sentence Recommendation**

As to Counts One, Three, and Five, which have been grouped pursuant to U.S.S.G. § 3D1.4, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment within the lower end of the applicable Guidelines range at a total offense level of 27 when combined with the criminal history category determined by the Court.

As to Count Two, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), and considering the counts to be dismissed, the parties agree to make a

recommendation between the range of sixty (60) to eighty-four (84) months (defense counsel will ask for 60 months and government counsel will ask for 84 months). This imprisonment term for Count Two will run consecutive to any other sentence imposed.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Diego H. Alcala-Laboy, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's

refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public

U.S. v. Hernández-Massa, 19-650 (DRD)

office, and to lawfully possess a firearm.

### 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including but not limited to: one Glock pistol, model 19, serial number UWL748, one Glock pistol, model 19, serial number MMS492, and thirty-eight rounds of ammunition.

W. STEPHEN MULDROW
United States Attorney

_____
Jonathan Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes Division
Dated: 5/29/22

_____
Linet Suárez
Assistant U.S. Attorney
Dated: 05/26/22

_____
Diego H. Alcala-Laboy, Esq.
Counsel for Defendant
Dated: 7/20/2022

_____
Wilfredo Hernández-Massa
Defendant
Dated: 7/20/2022

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/20/2022

_____
Wilfredo Hernández-Massa
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/20/2022

_____
Diego H. Alcala-Laboy, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Wilfredo Hernández-Massa admits that Defendant is guilty as charged in the Indictment and admits the following:

On September 17, 2019, Defendant entered a J.C. Mini Market on Carretera 181, Barrio Quebrada Honda KM 24.3, San Lorenzo, Puerto Rico, brandished a firearm, and took several boxes of Newport and Palmer cigarettes, and money from a cash register against the employee's will by means of actual and threatened force, violence, and fear of injury, by threatening the employee with a firearm. As a result of defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected.

On that same date, Defendant also entered a Super Colmado Los Hermanos in Puerto Rico and unlawfully took cash from a cash register in the presence of an employee, against the employee's will by means of actual and threatened force, violence, and fear of injury, by threatening the employee with a firearm. As a result of defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected.

Shortly after the two robberies, Defendant crashed his vehicle. An individual witnessed the car crash and stopped to assist Defendant. Defendant exited the crashed vehicle with a black firearm in his right hand and what appeared to be a second firearm in his waistband and demanded the vehicle from the individual with the intent to cause death or serious bodily injury. The individual felt threatened and gave Defendant their gold, 2001 Hyundai Brio, PR Tag #EFK157 vehicle.

Ultimately, following Defendant's arrest, one Glock pistol, model 19, serial number UWL748, one Glock pistol, model 19, serial number MMS492, and thirty-eight rounds of ammunition were seized.

The gold, 2001 Hyundai Brio, PR Tag #EFK157 vehicle was not manufactured in Puerto Rico, but rather had been previously shipped and transported interstate and foreign commerce.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Wilfredo Hernández-Massa is guilty as charged in Counts One, Two, Three, and Five of the Indictment. Discovery was timely made available to Defendant for review.

_____
Linet Suárez
Assistant U.S. Attorney
Dated: 05/26/22

_____
Diego H. Alcala-Laboy, Esq.
Counsel for Defendant
Dated: 7/20/2022

_____
Wilfredo Hernández-Massa
Defendant
Dated: 7/20/2022